Merwin, J.
The plaintiffs in their complaint alleged that on the 14th March, 1888, the defendant was indebted to them in the sum of $116.86 for goods, wares and merchandise previously sold and delivered to him to that amount and value. This was proved at the trial and not disputed by the defendant. The defendant, however, set up a counterclaim, which was the subject of the contest at the trial, and the verdict of the jury represented *424 the amount due to the defendant over and above the claim of the plaintiffs.
The defendant alleged that on the 26th August, 1884, he entered into a written contract with the plaintiffs, by which he agreed to cut, skid and deliver at the plaintiffs’ mill or mill pond all- the spruce and hemlock timber suitable for saw logs on lots 29, 23, 24, 17, and that portion of 22 north of Bear creek, all on the Devereaux tract, Herkimer county, in a certain manner, and for which the plaintiffs agreed to pay a certain price per thousand feet; that prior to the making of the contract the boundaries of the premises to be included in it were pointed out to defendant by the plaintiffs or their agent, and did not include lot 17, but did include lot 16 ; that the lot boundaries were unknown to defendant ; that by mutual mistake lot 17 was inserted in the contract instead of lot 16; that after the execution of this contract, and in the fall of 1884, defendant entered into a paroi agreement with plaintiffs, by which he agreed to permit them to cut and deliver logs from lots 16 and 22, being portion of the premises included within the boundaries pointed out to defendant, and plaintiffs agreed to pay for each thousand feet of logs so cut by them the sum of seventy-five cents; that plaintiffs cut under said agreement 250,000 feet of logs, amounting to $187.50, which defendant set up as a counterclaim.
The reply was a general denial.
At the trial the making of an agreement by the firm of J. H. Wilcox & Co. to pay defendant seventy-five cents a thousand feet for logs cut on the territory covered by the previous contract was shown by defendant, and was not disputed; but it was claimed on the part of plaintiffs that most of the logs cut were on lot 16 and not within the scope of the agreement, and also that the plaintiff Snyder was not then a member of the firm. There were, therefore, two questions to be decided. First, whether Snyder was at the time of the latter contract a member of the firm ; and second, whether lot 16 was intended by both parties to he included in the contract of August 26, 1884. Upon' each of these questions there was a conflict of evidence. They were both submitted to the jury in a charge not excepted to, and the finding was in effect for the defendant on both questions. This finding was not against evidence. The plaintiffs cannot complain of the form of the submission of the question of mutual mistake, as no exception was taken or any request made for submission or decision in any other form.
Our attention is called to some exceptions to rulings upon evidence, but no sufficient ground for reversal is shown.
The defendant was permitted to show a statement from one Barnes upon the assumption that Barnes had authority to speak for the plaintiffs. This authority was afterwards shown. The plaintiffs did not deny it. The plaintiffs offered to show that the defendant did not perform the contract of August, 1884. The issue was not as to the non-performance of that contract. The plaintiffs set up no claim in that regard. It appeared from the plaintiffs’ evidence that all matters relating to that had been *425 settled. The question at the trial was, not whether anything was due on that contract, but how- much timber the plaintiffs had taken under the subsequent agreement. The defendant, on the subject of the partnership of the plaintiffs, gave in evidence a certain sworn statement of the plaintiff Wilcox. Wilcox was then .asked what he meant by that statement. This was properly excluded. The operation of the mind of the witness was not competent. He was not asked to explain the circumstances under which the statement was made.
The motion for a new trial on the ground of newly discovered evidence was based upon affidavits which showed certain declarations of the defendant in the spring of 1885, to the effect that everything was settled up between him and the plaintiffs. It was shown at the trial that about March 1, 1885, the plaintiff Wilcox and the defendant had a settlement at the office of Wilcox. The defendant and the plaintiff Wilcox both testified in regard to it The defendant testified that at that time he asked for pay for the logs, which are the subject of the counterclaim; that Wilcox said “ he' didn’t know anything about it; that Mr. Brown claimed the logs were theirs; he would have to go and see, but he would do what was right about it.”
Wilcox testified in substance that upon the occasion referred to defendant claimed pay for the logs, and he, Wilcox, claimed that defendant had not fully performed his contract, had not put in all the logs that were within his contract, and that it was finally agreed that this was a damage to the plaintiffs more than sufficient for anything the defendant might claim. The office of Wilcox was in the store of one Woolworth, and the new evidence is that of Mr. Woolworth, and his clerk, Mr. Wells, as to declarations made by defendant npon the occasion of the settlement.
The proof as to diligence is in the affidavit of Mr. Wilcox, as follows: “ That deponent was unable to procure this testimony on the trial; that he had forgotten that Mr. Woolworth was in the office while he was settling with defendant; that he was unable to learn from Mr. Woolworth or Mr. Wells that they knew anything about the case, and although he, deponent, used every effort to discover everything that he thought would be of service to him on the trial, he was unable to procure this testimony until after the case was tried and decided.”
What the affiant in fact did, or what effort he in fact put forth, in order to procure testimony, is not shown. The conclusion is stated that he was unable to procure the testimony in question, and that he used every effort he thought necessary. The opinion of the affiant as to his diligence is hardly enough. Oakley v. Sears, 7 Robt., 114. He had forgotten that Mr. Woolworth was present In Bond v. Cutler, 7 Mass., 207, it was said that want of recollection of a fact, which by due attention might have been remembered, cannot be a reasonable ground for granting a new trial; for .a want of recollection may always be pretended, and may be hard to be disproved. This was approved in The People v. Superior Court, etc., 10 Wend., 293.
*426 The materiality of the new evidence is upon the question whether there was a payment or settlement of whatever was due to the defendant for logs cut by the plaintiffs, the plaintiffs in substance conceding that some had been cut by them which they were to account for. This issue is not presented by the pleadings.
The plaintiffs do not set up payment or settlement. The reply is only a general denial
We think the action of the special term in denying the motion for a new trial should not under the circumstances be disturbed.
Judgment and orders affirmed, with costs. See § 3239, Code Civ. Pro.
Hardin, P. J., and Martin, J., concur.